Asurion; Asurion also agreed to provide Spratling with a reference letter. Asurion made the required settlement payment, and Spratling dismissed his lawsuits, shortly after the execution of the settlement agreement. Asurion failed, however, to provide Spratling with the promised reference letter until November 2010. Spratling filed the present action in June 2011. He alleged that, as a result of Asurion's delay in providing him a reference letter, he was entitled to rescission of the settlement agreement, and/or to the damages he would have recovered in the underlying discrimination suits. The circuit court granted Asurion summary judgment. Spratling appeals. We affirm. Because a published opinion would have no precedential value, an unpublished memorandum setting forth the reasons for this order has been provided to the parties. Rule 84.16(b).

Laura M. Browne, Jefferson City, MO, for respondent.

Before Division Three: JOSEPH M. ELLIS, Presiding Judge, LISA WHITE HARDWICK and CYNTHIA L. MARTIN, Judges.

ORDER

PER CURIAM.

Maurice Freeman appeals the circuit court's grant of summary judgment in favor of the Missouri Department of Corrections ("DOC") in his declaratory judgment action. Freeman contends the court erred in determining that he is not entitled to credit for time he spent in federal custody prior to the commencement of his current prison sentence on a State court conviction. For reasons explained in a Memorandum provided to the parties, we find no error and affirm the summary judgment.

AFFIRMED. Rule 84.16(b).

Maurice FREEMAN, Appellant,

v.

MISSOURI DEPARTMENT
OF CORRECTIONS,
Respondent.

No. WD 75766.

Missouri Court of Appeals,
Western District.

May 14, 2013.

Maurice Freeman, Appellant Pro se, Cameron, MO, for appellant.

Carlos FISHER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 98273.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 21, 2013.